UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KAILEE M. SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 1:14-cv-01692-TWP-TAB |
| ) | |
| SCOTT JOHNSON, ) | |
| ) | |
| Defendant. ) | |

**ORDER ON DEFENDANT'S MOTION TO DISMISS**

Defendant Scott Johnson asks the Court to decide whether Plaintiff Kailee M. Smith establishes enough facts to infer that he acted in his official capacity. As discussed below, she does. Subject matter jurisdiction is proper and the Court denies Johnson's motion to dismiss.

This suit arises from Smith's arrest and prosecution for her alleged failure to stop after striking and killing Johnson's dog with her car. Smith explains in her complaint that after striking the dog, she recognized it belonged to Johnson, a law enforcement officer with the Indiana Department of Natural Resources. Smith says that after the accident, she drove approximately one mile to pick up her boyfriend and then promptly drove to Johnson's house to inform him of the accident. At Johnson's house, Smith called police and made an accident report. Smith alleges she made the report despite Johnson's assurance it was unnecessary.

Six months later, Johnson approached an investigator with the prosecutor's office and allegedly asked him to file criminal charges against Smith for leaving the scene of the accident. Johnson told the investigator that he found out about the accident from a neighbor the day after it occurred. The investigator used Johnson's information to swear out a probable cause affidavit.

Smith was subsequently arrested and charged with leaving the scene of an accident. The criminal charges were ultimately dropped and this civil suit followed.

Smith's civil complaint is made pursuant to 42 U.S.C. § 1983 and alleges that this Court has subject matter jurisdiction over the federal question in her claim. In particular, Smith claims that Johnson used his status as a law enforcement officer to influence her arrest and prosecution. [Filing No. 1, at ECF p. 3.] Smith alleges the probable cause affidavit sworn to by the investigator was based entirely on the information supplied by Johnson, taken as true because he is a law enforcement officer. Smith alleges the prosecutor pressed charges because he was influenced by Johnson's desire to have Smith prosecuted. However, Johnson contends he only acted in his capacity as a private citizen when speaking with the investigator. Johnson argues that his actions are thus outside the reach of this Court's subject matter jurisdiction. Johnson's arguments are not sustainable.

The purpose of a motion to dismiss is to test the sufficiency of the allegations in the complaint, not the merits of the case. *Ctr. for Dermatology & Skin Cancer, Ltd. v. Burwell*, 770 F.3d 586, 588 (7th Cir. 2014). In determining whether to dismiss a case, a court must "accept as true the well pleaded factual allegations, drawing all reasonable inferences in favor of the plaintiff." *Id.*

Johnson's motion to dismiss is made pursuant to Federal Rule of Civil Procedure 12(b)(1), alleging subject matter jurisdiction is not proper. Faced with this challenge, Smith bears the burden of establishing subject-matter jurisdiction to survive Johnson's motion. Fed. R. Civ. P. 12(b)(1); *Ctr. for Dermatology & Skin Cancer, Ltd.*, 770 F.3d at 589; *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443 (7th Cir. 2009). The Court only has subject matter jurisdiction over Smith's case if Johnson's actions were under color of law. *Screws v. United*

*States,* 325 U.S. 91, 111 (1944). However, as this is a jurisdictional issue, the Court may look at additional evidence submitted by the parties to determine whether subject matter jurisdiction exists. *Apex Digital, Inc.*, 572 F.3d at 444.

The Seventh Circuit clarified the limits of "under color of law" in *United States v. Christian*, 342 F.3d 744 (7th Cir. 2003). Unlike *Screws*, where the officer was on duty and performing official duties, the *Christian* court held that an officer may be acting under color of law even when off duty. *Id.* at 751. The court found that determining whether an officer acted under color of law turns on the nature of his acts rather than his assigned duties. *Id.* An officer can be acting under color of law even when acting out of personal emotion such as jealousy or anger if "an air of official authority pervaded the incident." *Id.* (discussing *United States v. Tarpley,* 945 F.2d 806, 809 (5th Cir.1991)).

The parties agree that Smith was arrested and prosecuted based on information Johnson provided. Johnson admits he is a law enforcement officer but argues that his actions were not under color of law because he never used his official authority arrest or prosecute Smith. However, in light of *Christian*, the mere fact that he did not participate in Smith's arrest and prosecution is insufficient for his argument to prevail. Nor is it sufficient that Johnson approached the investigator for personal reasons. Rather, *Christian* clarifies that Johnson may have been acting under color of law if the prosecutor's office simply regarded Johnson as official when taking his statement.

Smith argues that the prosecutor's office took Johnson's information as true, knowing Johnson is a law enforcement officer. The probable cause affidavit was signed by Steve Banks, an investigator with the prosecutor's office. [Filing No. 30-1.] Banks describes his role in the prosecutor's office as assisting various departments with conducting investigations and filing

3

charges. [Filing No. 33-1, at ECF p. 7.] Banks said he was contacted about the accident involving Smith by Johnson, who he identified as a conservation officer. [Filing No. 33-1, at ECF p. 11-12.] According to Banks, Johnson called and met with him to discuss the accident, telling him that Smith struck and killed his dog the day before she made the police report. Banks stated that after discussing the accident with Johnson, he discussed it with the prosecutor. Banks then swore out the probable cause affidavit for Smith's arrest. Banks said that his only source of information for the affidavit was Johnson's statement and the accident report made by Smith. [Filing No. 33-1, at ECF p. 18.]

Looking at these facts in a light most favorable to Smith, it is reasonable to infer that even though Johnson did not personally arrest or prosecute Smith, he acted under color of law. It is unclear whether Johnson was on duty or in uniform when he met with the investigator, but it is clear that the investigator knew Johnson was a DNR officer. The nature of Johnson's meeting with the investigator that assists his department with official matters creates a reasonable inference that Johnson used his status as a DNR officer to influence the prosecutor to bring charges against Smith. Johnson may have believed he was acting as a private citizen, but the facts support an inference that he acted with an air of authority, supporting Smith's allegation that Johnson acted under color of law. [Filing No. 1, at ECF p. 3.] This is sufficient for Smith's case to survive Johnson's motion to dismiss.

Smith also argues Johnson was acting under color of law by pointing to the collective knowledge doctrine, that "a law enforcement officer may rely on information conveyed to him by another law enforcement officer or the agency for which he works." *Bruce v. Guernsey*, 777 F.3d 872, 876 (7th Cir. 2015). Smith asserts that the investigator relied on Johnson's information without independently verifying it because Johnson is a law enforcement officer.

4

Johnson contends that Smith's reliance on the collective knowledge doctrine is inappropriate here because it is a doctrine used to determine whether probable cause existed in an arrest. Johnson argues the doctrine should not be used to determine whether the information that the investigator relied on was given under color of law.  The Court concludes it is not necessary to wade into the collective knowledge doctrine given the conclusion above that Smith can survive Johnson's motion to dismiss.

For the foregoing reasons, it is reasonable to infer that Johnson acted under color of law from the facts set forth in Smith's complaint and the evidence presented by the parties.  Thus, Smith sufficiently establishes subject matter jurisdiction and Johnson's motion to dismiss [Filing No. 29] is denied.

Date:  12/14/2015

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

Jeffrey S. McQuary
BROWN TOMPKINS LORY
jmcquary@btlmlaw.com

AMEEN RICHARD NAJJAR
TAFT STETTINIUS & HOLLISTER LLP
anajjar@taftlaw.com